# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| GRILLNETICS, LLC, | Case No. 2:23-bk-00374-BKM |
| Debtor. | ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION DATED APRIL 20, 2023 |

Upon consideration of the *Debtor's Plan of Reorganization Dated April 20, 2023 (Subchapter V)* [ECF No. 54] ("Plan");[1] the *Debtor's Ballot Report* [ECF No. 67]; the *Declaration of Andrew Mill in Support of Debtor's Plan of Reorganization Dated April 20, 2023* [ECF No. 68] ("Mill Declaration"); the statements of interested parties at the hearing on June 6, 2023, (the "Confirmation Hearing") regarding confirmation of the Plan; the entire record in the above-captioned case ("Case"); and good cause appearing, the Court finds and concludes as follows:

1. This Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

---

[1] Unless otherwise defined herein, capitalized terms shall mean the same as provided in the Plan.

2. No objections to the Plan have been filed or are part of the Court's record. Notwithstanding, as evidenced by the Mill Declaration (¶ 8), the Debtor and U.S. Trustee agreed to include additional language Sections 9.3, 18.4, and 18.6 of the Plan.

3. The Plan complies with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(1).

4. The Debtor has complied with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(2).

5. The Debtor has proposed the Plan in good faith and not by any means forbidden by law. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(3).

6. Any payments made by the Debtor for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, have been approved by, or are subject to the approval of, the Court as reasonable. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(4).

7. The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Debtor and such office of such individual is consistent with the interests of creditor and equity security holders and with public policy. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(5).

8. The Plan does not require any rate change for which approval from a government regulatory commission is necessary. Accordingly, 11 U.S.C. § 1129(a)(6) does not apply.

9. The Plan provides that each creditor not accepting the Plan will receive or retain property of a value, as of the effective date of the Plan, that is not less than the amount that the creditor would receive in a Chapter 7 liquidation. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(7)(A).

10. No secured creditor has elected to be treated as a fully secured creditor pursuant to 11 U.S.C. § 1111(b)(2). Accordingly, 11 U.S.C. § 1129(a)(7)(B) does not

apply.

11. Each class holding claims or interest and entitled to vote has accepted the Plan or is not impaired under the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(8).

12. With respect to claims of the kind specified in 11 U.S.C. § 507(a)(2), the Plan provides, on the effective date of the Plan, the holder of such claim will receive cash equal to the value of the allowed amount of such claim unless the parties agree to less favorable treatment. The Debtor has no claims of the kind specified in 11 U.S.C. § 507(a)(3). Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(9)(A).

13. The Debtor has no claims of the kind specified in 11 U.S.C. §§ 507(a)(1), (4), (5), (6), or (7). Accordingly, 11 U.S.C. § 1129(a)(9)(B) does not apply.

14. With respect to claims of the kind specified in 11 U.S.C. § 507(a)(8), the Plan provides that the holder of such claim will receive on account of such claim payment in full on the Plan's Effective Date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(9)(C).

15. The Debtor has no claims that would otherwise meet the description of the kind specified in 11 U.S.C. § 507(a)(8) but for their secured status. Accordingly, 11 U.S.C. § 1129(a)(9)(D) does not apply.

16. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptances by any insider. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(10).

17. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization by the Debtor. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(11).

18. The Plan provides for payment of all fees payable under 28 U.S.C. § 1930, if any, on the Effective Date of the Plan. Accordingly, the Plan satisfies 11 U.S.C. §

1129(a)(12).

19. The Debtor does not provide and has not provided retiree benefits as that term is defined in 11 U.S.C. § 1114. Accordingly, 11 U.S.C. § 1129(a)(13) does not apply.

20. The Debtor has paid all domestic support obligations, if any, that first became payable after the Petition Date pursuant to any judicial or administrative order, or by statute. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(14).

21. As this Case is a Subchapter V, 11 U.S.C. § 1129(a)(15) does not apply.

22. The Debtor is not a corporation or a trust that is not a moneyed, business, or commercial corporation. Accordingly, 11 U.S.C. § 1129(a)(16) does not apply.

**IT IS HEREBY ORDERED**:

a. The Plan, which is incorporated herein by reference, is approved in its entirety and confirmed under 11 U.S.C. § 1191(a).

b. Pursuant to agreement between the Debtor and the U.S. Trustee, Sections 9.3, 18.4, and 18.6 of the Plan shall be replaced and superseded in their entirety by the following (**changes emphasized**):

> Section 9.3: Upon vesting property of the Estate back into the Debtor, and commencement by the Debtor of payments on the Effective Date, the Plan shall be substantially consummated. Upon substantially consummating the Plan, the Debtor will file a notice with the Court informing the Court and Standing Trustee of such consummation upon which the services of any Standing Trustee shall automatically terminate pursuant to Code § 1183(c). The Debtor may move the Court for a final decree administratively closing the Case. Such motion may also provide notice of substantial consummation. **If the Plan is confirmed pursuant to Code § 1191(b), the Bankruptcy Case shall remain open through the completion of the Plan unless otherwise ordered by the Bankruptcy Court.**
>
> Section 18.4: At such time as the Plan has been substantially consummated, the Debtor may file an application for entry of a Final Decree, upon the entry of which the Case shall be deemed closed **if the Plan was confirmed pursuant to Code § 1191(a). If the Plan is confirmed pursuant to Code § 1191(b), the Bankruptcy Case shall remain open through the completion of the Plan unless otherwise ordered by the Bankruptcy Court.**

Section 18.6: Neither the Debtor, nor any of its respective present or former employees, advisors, attorneys, or agents, will have or incur any liability to any holder of a Claim or Equity Interest, or any other interested party, or any of its respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of its successors or assigns, for any **post-Petition (i.e., January 20, 2023)** act or omission in connection with, relating to, or arising out of the Case, efforts to obtain confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, whether now known or hereafter discovered, except for gross negligence; willful, wanton, or intentional misconduct; or breaches of fiduciary duties. However, this does not preclude creditors from in any way enforcing their rights under the Plan, against the Debtor, or against their collateral. Any party seeking to bring an action against a fiduciary of the Debtor or their authorized Chapter 11 Professionals for actions arising from or related to this Case, must seek permission of the Bankruptcy Court before commencing a lawsuit in another forum. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005); *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090 (9th Cir. 2016); *see also In re Kashani*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995).

c. Because the Plan is confirmed pursuant to § 1191(a), entry of this Order shall immediately grant the Debtor a discharge of all debts provided in 11 U.S.C. §§ 1141(d)(1)(A) and 503 and provided for in the Plan.

d. All objections and all reservations of rights pertaining to confirmation of the Plan that have not been withdrawn, waived, or settled are overruled on the merits.

e. The Debtor is authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, and other agreements or documents created in connection with the Plan.

f. The matters under the Plan involving or requiring corporate action of the Debtor, including but not limited to actions requiring a vote or other approval of the Debtor's shareholders or members or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by this Order and to have occurred and be in effect from and after the effective date of the Plan without any further action by the Court or the officers or directors of the Debtor.

g. Pursuant to 11 U.S.C. § 1146, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, or other similar tax or governmental assessment, and upon entry of this Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

h. The provisions of the Plan and of this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and any such provision of this Order shall be deemed a modification of the Plan and shall control and take precedence.

i. The United States Bankruptcy Court for the District of Arizona shall have original and exclusive jurisdiction over disputes arising under or related to the Plan and this Order. Such reservation of jurisdiction does not limit the ability for the Debtor to bring a cause of action in any court of competent jurisdiction.

**DATED AND SIGNED ABOVE**

**Approved as to form:**

ILENE J. LASHINSKY
United States Trustee
District of Arizona


/s/ Patty Chan (*with permission*)
PATTY CHAN
Trial Attorney